UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

        Plaintiffs,

-against-

DURO TEXTILES, LLC d/b/a DURO TEXTILE PRINTERS,

        Defendant.

**COMPLAINT**

Plaintiffs, by their attorneys David C. Sapp, Esq. and Jennifer Oh, Esq., complaining of Defendant Duro Textiles, LLC d/b/a Duro Textile Printers (the "Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon the Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff National Retirement Fund ("Retirement Fund") is established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Retirement Fund. As such, the Retirement Fund is a "multiemployer plan," within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

5. The Retirement Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6. Plaintiff Trustees of the Retirement Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Retirement Fund and Plan and disposition of Retirement Fund assets. As such, Plaintiff Trustees of the Retirement Fund are fiduciaries with respect to the Plan, within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Retirement Fund maintains its principal administrative offices and the Plan is administered at

333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

7.  Upon information and belief, at all relevant times herein, Defendant was a Massachusetts corporation having or having had its principal place of business at 110 Chace Street, Fall River, Massachusetts 02724.

8.  UNITE HERE New England Joint Board and Local Union 1208 T (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, at all times material hereto, Defendant was a party to a Collective Bargaining Agreement with the Union ("Bargaining Agreement"), which obligated Defendant to make contributions to the Retirement Fund. Upon information and belief, employee benefit fund contributions to the Retirement Fund were and are due to be paid by Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST THE DEFENDANT

9.  Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10. Upon information and belief, contributions to the Retirement Fund from Defendant in the principal amount of $24,116.04 for the months of May 2016 through and including July 2016 have not been made and are now due and owing. By reason therefore, Defendant is liable for contributions to Plaintiff Retirement Fund in the principal amount of $24,116.04 for the period stated.

11. Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contributions from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Retirement Fund's rules and regulations.

12. Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees, and costs from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and the Retirement Fund's rules and regulations.

## AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST THE DEFENDANT

13. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "12" of this Complaint with the same force and effect as if set forth at length herein.

14. The Trust Agreement of the Retirement Fund provides that, "An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund." As Defendant has an obligation to contribute to the Retirement Fund and has, in the past, contributed to the Retirement Fund, Defendant has accepted and become bound by the Trust Agreement.

15. The Retirement Fund's Trust Agreement requires Defendant to remit monthly Pension Contribution Reconciliation Reports ("Contribution Reports") to Plaintiff Retirement Fund, which includes the employees' names, Social Security numbers, hours worked, paid hours, unpaid hours, vacation, sick leave, hire classifications, and such other information as the Trustees of the Retirement Fund may require for its sound and efficient operation and to ensure accurate pension service credits for participants in the Retirement Fund.

16. Upon information and belief, Contribution Reports required for the months of May 2016 through and including July 2016 have not been remitted to the Retirement Fund by Defendant and are now due and owing by Defendant to Plaintiff Retirement Fund. By reason thereof, Plaintiffs are entitled to an order and judgment requiring Defendant to remit the required Contribution Reports to Plaintiff Retirement Fund for the periods stated.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Retirement Fund contributions for the months of May 2016 through and including July 2016 in the principal amount of $24,116.04; and

b. Directing Defendant to pay to the Retirement Fund interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), and the Retirement Fund's rules and regulations; and

c. Directing Defendant to pay to the Retirement Fund liquidated damages on the sum set forth in paragraph "(a)" herein, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), and the Retirement Fund's rules and regulations; and

d. Directing Defendant to pay to the Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

e. Directing Defendant to remit to the Retirement Fund the Contribution Reports for the months of May 2016 through and including July 2016; and

f.   Granting such other legal and equitable relief as the Court deems appropriate.

Dated: October  5 , 2016
       White Plains, New York

> TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs
>
> By: _____
> David C. Sapp, Esq. (DS 5781)
> Jennifer Oh, Esq. (JO 1201)
>
> *Attorneys for Plaintiffs*
>
> Alicare, Inc. – Fund Administrator
> 333 Westchester Avenue
> North Building – First Floor
> White Plains, New York 10604
> Phone: (914) 367-5243
> Fax: (914) 367-2243
> E-mail: joh@amalgamatedlife.com